ASKEW KAWASAKI, INC. v. CITY OF ELIZABETH CITY

[124 N.C. App. 453 (1996)]

---

ASKEW KAWASAKI, INC.; TIMOTHY L. ASKEW AND WIFE, KAREN M. ASKEW; JACKIE COLSON AND WIFE, THELMA COLSON; KAWASAKI MOTOR FINANCE; LLOYDS OF LONDON; ITT COMMERCIAL FINANCE CORP.; ITT LYNDON PROPERTY INSURANCE COMPANY, PLAINTIFFS v. CITY OF ELIZABETH CITY, DEFENDANT

No. COA95-1420

(Filed 5 November 1996)

**Municipal Corporations § 445 (NCI4th)— purchase of insurance—waiver of immunity**

The trial court erred by denying defendant-municipality's motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6) an action alleging that the Elizabeth City Fire Department negligently fought a fire. A city's purchase of liability insurance does not deprive it of immunity under N.C.G.S. § 160A-293(b). The exception to the common-law rule of governmental immunity established by N.C.G.S. § 160A-485(a) was not meant to abrogate any statutory defenses available to a municipality.

**Am Jur 2d, Municipal, County, School, and State Tort Liability § 38.**

Appeal by defendant from order entered 24 October 1995 by Judge J. Richard Parker in Pasquotank County Superior Court. Heard in the Court of Appeals 24 September 1996.

*C. Everett Thompson, II, P.A. for plaintiff-appellee.*

*Cranfill, Sumner & Hartzog, L.L.P., by Patrick H. Flanagan, for defendant-appellant.*

LEWIS, Judge.

The only issue for our consideration in this appeal is whether the trial court erred in denying defendant-appellant's Rule 12(b)(6) motion to dismiss.

On 23 March 1995, plaintiffs filed a complaint in Pasquotank Superior Court alleging negligence against the City of Elizabeth City ("Elizabeth City") under the theory of respondeat superior. Specifically, plaintiffs alleged that on 7 March 1994, the Elizabeth City Fire Department negligently fought a fire which broke out in a small wooden warehouse building adjacent to a larger building, both owned by the Askews. The remaining plaintiffs were either tenants or insurers of the burned building.

Defendant answered and moved to dismiss the complaint for failure to state a claim. The parties stipulated that the building owned by the Askews was located beyond Elizabeth City's corporate limits. After hearing, the trial court denied defendant's motion to dismiss. Defendant appeals.

Defendant argues that plaintiffs' claims are precluded by immunity granted under N.C. Gen. Stat. section 160A-293(b).

G.S. 160A-293 states in relevant part:

No city or any officer or employee thereof shall be held to answer in any civil action or proceeding for failure or delay in answering calls for fire protection outside the corporate limits, nor shall any city be held to answer in any civil action or proceeding for the acts or omissions of its officers or employees in rendering fire protection services outside its corporate limits.

G.S. § 160A-293(b) (1994).

Plaintiffs argue that any immunity Elizabeth City may have had was waived pursuant to N.C. Gen. Stat. section 160A-485 when it purchased liability insurance. G.S. 160A-485 provides that "[a]ny city is authorized to waive its immunity from civil liability in tort by the act of purchasing liability insurance. . . . Immunity shall be waived only to the extent that the city is indemnified by the insurance contract

from tort liability." G.S. § 160A-485(a) (1994). However, G.S. 160A-485 further states that "[e]xcept as expressly provided herein, nothing in this section shall be construed to deprive any city of any defense to any tort claim lodged against it, or to restrict, limit, or otherwise affect any defense that the city may have at common law or by virtue of any statute." G.S. § 160A-485(c) (1994).

G.S. 160A-485(a) establishes "an exception to the *common-law* rule" of governmental immunity. *Wiggins v. City of Monroe*, 73 N.C. App. 44, 49, 326 S.E.2d 39, 43 (1985) (emphasis added). As the above language demonstrates, this statute was not meant to abrogate any statutory defenses available to a municipality. In this case, defendant is not asserting common law governmental immunity in response to this claim. Rather, it contends that it is immune by statute, namely G.S. 160A-293(b). We agree and hold that a city's purchase of liability insurance does not deprive it of immunity under G.S. 160A-293(b).

Accordingly, since defendant has immunity from plaintiffs' allegations under 160A-293(b), the trial court erred in denying its motion to dismiss.

Reversed.

Judges WALKER and MARTIN, MARK D. concur.